**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

SONYA NATE MOONEY                                                                                   PLAINTIFF

V.                                               3:07CV00152 JMM

JONESBORO SUN                                                                                       DEFENDANTS

**AMENDED AND SUBSTITUTED ORDER**

  Plaintiff, a prisoner at the Craighead County Detention Center, has filed a *pro se*[1] Complaint

---

[1] Plaintiff is notified of her responsibility to comply with the Local Rules of the Court, including Rule 5.5(c) (2) , which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."
  Plaintiff is also notified that a dismissal for failure to prosecute, grounds for which include failing to respond to an Order of this Court within thirty (30) days, may be treated as a "strike" within the meaning of 28 U.S.C. § 1915(g).  Under § 1915(g), a prisoner may not proceed with a civil suit *in forma pauperis* if the prisoner has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).
  In contrast, a dismissal pursuant to a motion for voluntary dismissal <u>will not</u> be treated as a strike. Therefore, if at some stage in this litigation, Plaintiff elects not to continue prosecuting this action, Plaintiff should file a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41.

(docket entry #1) against the Jonesboro *Sun* newspaper, alleging various claims related to their reporting of her criminal trial.  Plaintiff has now submitted an Application for Leave to Proceed *In Forma Pauperis* (docket entry #3) which will be granted.  However, her request for a copy of the trial transcript of her criminal trial (docket entry #4) will be denied.

## I. *In Forma Pauperis* Application

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350.  28 U.S.C. §1915(b)(1).  The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time.  *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998).  Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his § 1983 claims, and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account.  28 U.S.C. § 1915(b)(4).  **If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350 filing fee will be collected and no portion of this filing fee will be refunded to the prisoner.**

Based on information contained in a certified copy of Plaintiff's inmate trust fund account, the Court will assess an initial partial filing fee of $14.80.  Thereafter, Plaintiff will be obligated to make monthly payments in the amount of twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account each time the amount in the account exceeds $10.00.  Plaintiff's custodian is requested to send the Clerk of the Court the initial partial filing fee, and thereafter the monthly payments from Plaintiff's prison trust account when the amount exceeds

$10.00, until the statutory filing fee is paid in full.  28 U.S.C.  § 1915(b)(2).

## II.  Motion for Trial Transcript

Plaintiff also seeks an Order from this Court directing the Craighead County Circuit Court to provide her with a copy of the trial transcript from her criminal trial which resulted in a mistrial (docket entry #4).   It would be premature to enter such an order at his time, assuming the Court would ever enter such an order. Therefore, Plaintiff's Motion is DENIED.

## **CONCLUSION**

IT IS THEREFORE ORDERED that:

1.    Plaintiff's Motion for *In Forma Pauperis* Status (docket entry #3) is GRANTED.

2.     Plaintiff's present custodian, the Sheriff of Craighead County, his designee, or future custodians  shall collect from Plaintiff's prison trust account an initial partial filing fee in the amount of $14.80, and shall forward the amount to the Clerk of the Court. The initial payments and all future payments forwarded on Plaintiff's behalf shall be clearly identified by the name and number assigned to this action.

3. The Sheriff of Craighead County, his designee, or any future custodians shall collect from Plaintiff's prison trust account the $335.20 balance of the filing fee by collecting monthly payments from the account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account each time the amount in the account exceeds $10.00, and shall forward the payments to the Clerk of the  Court in accordance with 28 U.S.C.  § 1915(b)(2).

4.  The Clerk of the Court is directed to send a copy of this Order to the Sheriff of Craighead County at 901 Willett Road, Jonesboro, Arkansas, 72401.

5.   Plaintiff's Motion for Copy of Trial Transcript (docket entry #4) is DENIED.

6.  Service on Defendants is not appropriate at this time.

DATED this 6th day of December, 2007.

                                                                                                       _____
                                                                                                       UNITED STATES DISTRICT JUDGE