**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

SONYA NATE MOONEY                                                                            PLAINTIFF

V.                                         3:07CV00152 JMM

JONESBORO SUN                                                                                  DEFENDANT

## ORDER OF DISMISSAL

Plaintiff, a pre-trial detainee at the Craighead County Detention Center, has filed a *pro se* Complaint (docket entry #1) against the Jonesboro *Sun* newspaper, alleging various claims related to their reporting of her criminal trial, which apparently ended in a mistrial.

### I.  Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle her to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the

complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II. Analysis

In order to state a cognizable claim for money damages under 42 U.S.C. § 1983, Plaintiff must allege that the conduct of a defendant acting "under color of state law" deprived her of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983; *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996). Plaintiff's case fails at the initial inquiry because Defendant is not a "state actor" amenable to suit under § 1983. In her Complaint, Plaintiff names as the Defendant the local newspaper and the journalist who reported a story headlined, "Accused Woman's Knife Exact Match for Murder Weapon." According to Plaintiff, the reporter who observed the testimony in her trial incorrectly reported that the knife found was an "exact match," when in fact it was merely "similar" to the alleged murder weapon. The following day, a mistrial was declared when it was determined that "7 of the 15 jurors read this" and were "prejudiced against [Plaintiff]." She claims that, but for the Defendant's "intentional misreported court testimony" she would have been acquitted, and she seeks a retraction as well as monetary damages.

However, under even the broadest possible reading of Plaintiff's claims, there is no scenario under which the Jonesboro Sun can be considered a state actor. With no state actor there can be no

constitutional violation; therefore, there is no basis to award Plaintiff the relief she seeks. *Williams v. Davis*, 200 F.3d 538, 539 (8th Cir.2000). Even assuming that each fact alleged by Plaintiff is true, neither alone nor in combination do they amount to a constitutional violation. Because no constitutional violation occurred under the allegations Plaintiff has presented, Defendant cannot be held liable under § 1983 and Plaintiff's claim against it must be dismissed with prejudice.

### III. Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Complaint (docket entry #1) be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted. Dismissal of this action constitutes a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

DATED this 13th day of December, 2007.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."